IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

```
In re:                          )
DAVID EDWARD SLAUGHTER          )
TERI LYNN SLAUGHTER,            )    No.  13-50377-CAN7
                                )
            Debtors.            )
                                )
ALI MALIK                       )
KAMIL MALIK                     )
TAHA MALIK                      )
BISMA MALIK,                    )
                                )
            Plaintiffs,         )
                                )
     vs.                        )    Adversary No.
                                )
DAVID EDWARD SLAUGHTER,         )
                                )
            Defendant.          )
```

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS

COUNT I

COME NOW Ali Malik, Kamil Malik, Taha Malik and Bisma Malik, by and through their attorneys of record, pursuant to Bankruptcy Rules 4004 and 4007, and for their Complaint to Determine Dischargeability of Debts, state and allege as follows:

1.   That this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

2.   That this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.   That venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   That the relief sought herein is reflected in 11 U.S.C. § 523(a)(9).

5.   That on June 10, 2013, the Defendant filed a petition for

1

relief under Chapter 7 in the proceedings *In Re David Edward Slaughter and Teri Lynn Slaughter*, Case No. 13-50377-can7.

6. That the last date for the filing of a Complaint objecting to discharge of a particular debt is scheduled for September 10, 2013.

7. In this proceeding, the Plaintiffs, as creditors of the Defendant, seek an Order of this Court denying the discharge of certain debts owed by the Defendant to the Plaintiffs as a result of the Defendant's negligence, gross negligence and the intentional tort of causing injury to the Plaintiffs while operating a motor vehicle while intoxicated and under the influence of drugs.

**FACTUAL BACKGROUND**

8. The Plaintiffs are listed as creditors of the Defendant on Schedule F for unliquidated damages due to the injuries suffered in a vehicular collision.

9. That on or about January 16, 2010, Plaintiffs and Defendant were involved in an automobile collision on 169 Highway in Smithville, Missouri.

10. Plaintiffs Ali Malik, Taha Malik and Bisma Malik were in a vehicle being driven by their mother, Farah Malik, when Defendant caused his vehicle to violently collide into the rear of the vehicle Plaintiffs Ali Malik, Taha Malik and Bisma Malik were in.

11. Plaintiffs Ali Malik, Taha Malik and Bisma Malik were transported to Children's Mercy Hospital following the collision for treatment of their injuries.

12. Smithville Police Department responded to the collision and completed a police report.

13. Defendant stated to the reporting Officer, Christopher James Mendoza, that he "Glanced down for a second and hit her".

14. Defendant also stated to Officer Mendoza that he had taken Paxil.

15. Smithville Police Officer Doug S. Casida completed field sobriety testing on Defendant and placed Defendant under arrest for driving under the influence.

16. After his arrest, Defendant fell asleep twice at the Smithville Police Station.

17. Smithville Police Officer Menendez recovered marijuana and two smoking pipes with marijuana residue from Defendant's vehicle as well as Fluvoxamine pills and Clonazapam.

18. Witnesses to the collision and Defendant's driving reported to the investigating officers that Defendant was driving very erratically, speeding and tailgating.

19. Smithville Police Department completed a Drug Influence Evaluation following Defendant's arrest.

20. The evaluating officer, Ralph Wheeler, stated in his report that Defendant appeared confused and distracted and was swaying and drowsy.

21. Defendant told Officer Wheeler that he was taking 40 mg a day of Paxil and 100 mg of Elavil for sleep.

22. Officer Ralph Wheeler stated in the DRE Opinion of his report that he believed Defendant to be under the influence of a

3

CNS (Central Nervous System) Depressant and Cannabis (marijuana) and was unable to operate a motor vehicle safely.

23. On or about January 18, 2010, approximately two days after the collision, Defendant came to the police station to get a release form for his vehicle, which had been towed. Defendant at this time stated that he had fallen asleep behind the wheel of the vehicle and didn't even know he struck the vehicle Plaintiffs were in.

24. That on or about January 18, 2013, Plaintiffs filed a Petition for Damages against the Defendant in the Circuit Court of Jackson County, Missouri, Case No. 1316CV01505.

25. The Petition for Damages includes claims for declaratory judgment to confirm that the settlement between Plaintiffs and Defendant was repudiated by the Defendant and his insurance carrier, American Family Insurance; claims for negligence per se, gross negligence and reckless indifference for the safety of the Plaintiffs for causing damage to person and property while driving under the influence of drugs.

## **COUNT I: 11 U.S.C. § 523(a)(9): Death or Personal Injury Caused by Motor Vehicle While Debtor Intoxicated**

26. The Plaintiffs hereby incorporate all prior allegations as though fully set forth herein.

27  11 U.S.C. § 523(a)(9) states that "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

4

does not discharge an individual from any debt for death or personal injury caused by the Debtor's operation of a motor vehicle, vessel or aircraft is such operation was unlawful because the debtor was intoxicated from using alcohol, a drug or another substance".

27. The Defendant operated his vehicle while intoxicated from using alcohol, a drug, or another substance.

28. The Defendant stated he was taking Paxil at the time of the collision, and the officer completing the Drug Influence Evaluation believed Defendant to be under the influence of cannabis and a CNS (Central Nervous System) Depressant.

29. Defendant did cause personal injury to the Plaintiffs while operating his motor vehicle on or about January 16, 2013 by violently striking the car Plaintiffs were passengers in.

WHEREFORE, Plaintiffs request that this Court enter an Order excepting the debts owed to them and pray for judgment under this Count denying Defendant's discharge with respect to the amounts owed to Plaintiffs and for such other and further relief as the Court deems just and proper.

              KRIGEL & KRIGEL, P.C.

              /s/ Erlene W. Krigel
              /s/ Dana B. Wilders
              Erlene W. Krigel, MO 29416
              Dana B. Wilders, MO 59703
              4550 Belleview
              Kansas City, Missouri 64111
              Telephone: (816) 756-5800
              Facsimile: (816) 756-1999
              ATTORNEYS FOR PLAINTIFFS